**UNITED STATES BANKRUPTCY COURT**

DISTRICT OF SOUTH DAKOTA
ROOM 211
FEDERAL BUILDING AND U.S. POST OFFICE
225 SOUTH PIERRE STREET
PIERRE, SOUTH DAKOTA 57501-2463

**IRVIN N. HOYT**   **TELEPHONE (605) 945-4490**
BANKRUPTCY JUDGE   FAX (605) 945-4491

April 30, 2007

John H. Mairose, Esq.
Counsel for Plaintiff-Debtor
2640 Jackson Boulevard, Suite 3
Rapid City, South Dakota  57702

Robert A. Martin, Esq.
Counsel for Defendants
Post Office Box 484
Rapid City, South Dakota  57709-0484

    Subject:  *Paul W. Mitchell v. Anita Chittenden, et al. (In re Mitchell)*, Adversary No. 06-5006;
Chapter 7, Bankr. No. 05-50528

Dear Counsel:

    The matter before the Court is the Motion for Summary Judgment filed by Defendants Anita Chittenden and Hazel Dyball and the response thereto filed by Debtor Paul W. Mitchell. This is a core proceeding under 28 U.S.C. § 157(b)(2). This letter decision and accompanying order shall constitute the Court's findings and conclusions under Fed.R.Bankr.P. 7052. As set forth below, Defendants' motion for summary judgment will be denied.

    SUMMARY. Paul W. Mitchell ("Debtor") filed a Chapter 7 petition in bankruptcy on August 30, 2005. He did not schedule any claim against him held by Anita Chittenden ("Chittenden") and Hazel Dyball ("Dyball"), and he did not list them on his mailing list of creditors. Chittenden and Dyball did not receive formal notice of the bankruptcy case from the Bankruptcy Clerk before Debtor's discharge order was entered December 6, 2005. On December 15, 2005, Debtor amended his schedules to add Chittenden and Dyball as creditors, the Bankruptcy Clerk served them with a late notice of commencement of the case, and the Bankruptcy Clerk added Chittenden and Dyball to the mailing list of creditors.

    On January 17, 2006, Debtor, relying on 11 U.S.C. § 523(a)(3), filed a complaint against Chittenden and Dyball seeking a declaration from the Court that their claim against him was discharged although Chittenden and Dyball had not received notice of the case before the discharge was entered. In their answer and

Mitchell v. Chittenden, et al.
April 30, 2007
Page 2

a counterclaim, Chittenden and Dyball alleged their claim against Debtor was nondischargeable under 11 U.S.C. § 523(a)(2), (4), or (6). In his reply to the counterclaim, Debtor denied their allegations that the loan was obtained by fraud or in violation of statute.

In answers to interrogatories posed by Chittenden and Dyball, Debtor said a legal entity in which he held an interest, Equity Title Loan, L.L.C., borrowed $60,000.00 from Chittenden and Dyball at a high interest rate. He also said Chittenden and Dyball had been paid $30,000.00 in interest. Debtor said the funds were used by the L.L.C. for lending capital. Debtor claimed no stock transactions or ownership offerings were involved. Debtor also stated he was never licensed or registered to sell securities in any state. Debtor acknowledged that he knew Dyball was a senior citizen at the time the loan was made. Debtor was also deposed on May 17, 2006.

On July 21, 2006, Chittenden and Dyball moved for summary judgment. They said they invested $60,000.00 in Debtor's business in late August 2001. A promissory note was executed September 1, 2001. It was signed by Debtor; his signature was above a typed line with "Equity Title Loan" just below it. The note did not otherwise identify the borrower. The note had signature lines for Dyball and Chittenden and identified them as the "Investor."

In the summary judgment motion, Chittenden and Dyball stated their investment was based on a letter from Debtor to them dated August 20, 2001 in which Debtor reviewed the investment opportunity and terms. They stated they made the check payable to Debtor. Chittenden and Dyball further stated Debtor failed to pay interest timely and some interest checks failed to clear the account. They said they consequently requested the return of their principal.

Chittenden and Dyball stated communications between them and Debtor continued but Chittenden and Dyball remained unpaid. They brought suit in Arizona against Debtor in early March 2005 alleging breach of contract, securities violation, fraud, and liability under certain Arizona statutes. Chittenden and Dyball sought a default judgment on May 26, 2005 and sought $101,250.00 for principal and interest due under the note and another $500,000.00 for violation of Arizona law regarding fraudulent sales of securities. A minute entry order regarding entry of a default judgment against Debtor was entered August 11, 2005 indicating Debtor's and Equity Title Loan's liability to Chittenden and

Case: 06-05006   Document: 52   Filed: 04/30/07   Page 3 of 7

Mitchell v. Chittenden, et al.
April 30, 2007
Page 3

Dyball.  The Court also ordered an evidentiary hearing to be held later in the month on the issue of damages only.  On August 30, 2005, the Arizona state court entered a formal judgment against Debtor and Equity Title Loan. The judgment awarded Chittenden and Dyball $104,550.00 for breach of contract, $200,000.00 for "punitive and exemplary damages" related to securities violations, and $450,000.00 for additional "statutory, exemplary and punitive damages" related to state racketeering laws for a total judgment of $754,817.78, including a small amount of costs.  Chittenden and Dyball, in early November 2005, sought to record their Arizona judgment in Pennington County, South Dakota, and they believed it was this act that lead Debtor to finally amend his bankruptcy schedules to list them as creditors and to commence this adversary proceeding against them under § 523(a)(3).

    Chittenden and Dyball argued they were entitled to summary judgment in Debtor's § 523(a)(3) action because the judgment they obtained in Arizona would be nondischargeable under § 523(a)(2), (4), or (6).  They also argued Debtor was collaterally estopped from defending their claim since he had an opportunity to do so in state court but had not and no part of the Arizona judgment was based on his failure to defend.  Chittenden and Dyball cited facts and law in support of their nondischargeability claims under § 523(a)(2), (4), or (6) and argued Debtor even today could not present admissible evidence proving Chittenden and Dyball's claim against him was dischargeable.  Finally, Chittenden and Dyball offered argument and case cites in support of their argument that the punitive damages for fraud are also nondischargeable under § 523(a)(2)(A).

    In his response to Chittenden and Dyball's motion for summary judgment, Debtor acknowledged Chittenden and Dyball obtained a judgment against him in Arizona shortly before he filed bankruptcy but he says the judgment was not docketed until the day after he filed bankruptcy.  He also acknowledged he did not defend against the Arizona action, but he said it was because he thought the suit was against Equity Title, not him personally.  Debtor also acknowledged the amount and nature of the Arizona judgment.

    DISCUSSION.  *Summary judgment*.  The parties do not dispute the applicable law governing summary judgment.  Summary judgment is appropriate when "there is no genuine issue [of] material fact and . . . the moving party is entitled to a judgment as a matter of law."  Fed.R.Bankr.P. 7056 and Fed.R.Civ.P. 56(c).  An issue of material fact is *genuine* if it has a real basis in the record.

Mitchell v. Chittenden, et al.
April 30, 2007
Page 4

*Hartnagel v. Norman*, 953 F.2d 394, 395 (8th Cir. 1992) (quotes therein). A genuine issue of fact is *material* if it might affect the outcome of the case. *Id.* (quotes therein).

The matter must be viewed in the light most favorable to the party opposing the motion. *F.D.I.C. v. Bell*, 106 F.3d 258, 263 (8th Cir. 1997); *Amerinet, Inc. v. Xerox Corp.*, 972 F.2d 1483, 1490 (8th Cir. 1992) (quoting therein *Matsushita Elec. Industrial Co. v. Zenith Radio*, 475 U.S. 574, 587-88 (1986), and citations therein). The movant meets his burden if he shows the record does not contain a genuine issue of material fact and he points out the part of the record that bears out his assertion. *Handeen v. LeMaire*, 112 F.3d 1339, 1346 (8th Cir. 1997)(quoting therein *City of Mt. Pleasant, Iowa v. Associated Electric Cooperative, Inc.*, 838 F.2d 268, 273 (8th Cir. 1988)). No defense to an insufficient showing is required. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 161 (1970) (citation therein); *Handeen*, 112 F.3d at 1346. If the movant meets his burden, however, the non movant, to defeat the motion, "must advance specific facts to create a genuine issue of material fact for trial." *Bell*, 106 F.3d at 263 (quoting *Rolscreen Co. v. Pella Products of St. Louis, Inc.*, 64 F.3d 1202, 1211 (8th Cir. 1995)). The non movant must do more than show there is some metaphysical doubt; he must show he will be able to put on admissible evidence at trial proving his allegations. *Bell*, 106 F.3d 263 (citing *Kiemele v. Soo Line R.R. Co.*, 93 F.3d 472, 474 (8th Cir. 1996), and *JRT, Inc. v. TCBY Systems, Inc.*, 52 F.3d 734, 737 (8th Cir. 1995).

*Exception from discharge under § 523(a)(3).* Section 523(a)(3) is one of the more complicated Bankruptcy Code sections. In essence, it provides exceptions to an exception to a debtor's discharge. If an unscheduled creditor holding a general claim receives notice of the case in time to file a proof of claim, the claim is dischargeable. 11 U.S.C. § 523(a)(3)(A). The unscheduled creditor is thus treated the same as other similarly situated, but scheduled, creditors. If the unscheduled creditor holds a fraud-based claim against the debtor, however, he must receive notice of the case in time to file a proof of claim *and* in time to commence a nondischargeability action under § 523(a)(2), (4), or (6). 11 U.S.C. § 523(a)(3)(B). If he does, then the creditor's fraud-based claim is also dischargeable.

Mitchell v. Chittenden, et al.
April 30, 2007
Page 5


*Issue preclusion*.[1]  The Arizona state court judgment was effective before Debtor filed his bankruptcy petition because the clerk stamped it a few hours before the petition was filed.  Ariz. R.Civ.P. 58; *Schoenfelder v. Arizona Bank*, 780 P.2d 434, 437 (Ariz. App. 1989), *vacated in part on other grounds*, 796 P.2d 881 (Ariz. 1990)(entry of an order is date clerk affixes a file stamp).  Accordingly, the issue presented is whether the judgment should be given preclusive effect in this nondischargeability action under § 523(a)(3).

The principles of collateral estoppel, or issue preclusion, apply in nondischargeability proceedings.  *Grogan v. Garner*, 498 U.S. 279, 285 (1991).  The Court applies the law of issue preclusion from the state in which the earlier action was brought.  *Hobson Mould Works, Inc. v. Madsen (In re Madsen)*, 195 F.3d 988, 989 (8th Cir. 1999).  Since Chittenden and Dyball brought their action against Debtor in Arizona, we must consider Arizona law on issue preclusion.

In Arizona, issue preclusion applies only when the issue or fact in question was actually litigated in the earlier suit.  *Webber v. Grindle Audio Productions, Inc.*, 60 P.3d 224, 229 (Ariz. App. 2002).  The entry of a default judgment does not equate with actual litigation of the issue, *id.*, especially where the debtor did not appear or otherwise participate in the earlier proceeding.  *Compare Nortman v. Smith (In re Smith)*, ___ B.R. ___, 2007 WL 987278 (Bankr. D. Ariz. March 30, 2007)(default judgment entered as a sanction entitled to preclusive effect).

Debtor did not make any appearance before the Arizona court.  Accordingly, the state court judgment establishing his liability is not preclusive on whether Chittenden and Dyball's claim against him is dischargeable.[2]  A trial will be necessary.  Accordingly,

---

[1] Res judicata (claim preclusion) does not apply because the Arizona court did not address the issue of dischargeability in bankruptcy.  *Webber v. Grindle Audio Productions, Inc.*, 60 P.3d 224, 228, 228 n.8 (Ariz. App. 2002).

[2] The Court does not herein decide whether the amount of damages awarded by the Arizona court must be given preclusive effect.  The legal issues to be resolved would be whether the damage award may be given preclusive effect in this § 523(a)(3) action where the underlying determination of liability is not given

Mitchell v. Chittenden, et al.
April 30, 2007
Page 6

Chittenden and Dyball's motion for summary judgment will be denied.

Some of the case law cited by Chittenden and Dyball regarding § 523(a)(2), (4), and (6) has not reflected the present law in this Circuit. To insure all parties are on the same page for trial purposes, the Court refers the parties to some recent decisions: *Spyke, Inc. v. Ronald H. Zufall, et al. (In re Zufall)*, Bankr. No. 05-50693, Adv. No. 06-5005, slip op. (Bankr. D.S.D. Feb. 21, 2007)(discussion of elements of § 523(a)(2)(A) and what constitutes a statement regarding an insider's financial condition); *Cheryl Reed v. Lloyd C. Johnson (In re Johnson)*, Bankr. No. 05-30023, Adv. No. 05-3004, slip op. (Bankr. D.S.D. May 30, 2006)(cites therein)(under § 523(a)(2)(A), the allegations of fraud must relate to the incurrence of the debt, not afterwards, and a promise to pay is not a false representation of a present or past fact); *First Western Bank, Deadwood v. Delbert Brink, et al. (In re Brink)*, Bankr. No. 02-50529, Adv. No. 02-5014, slip op. (Bankr. D.S.D. Feb. 7, 2003)(discussion of each element of § 523(a)(2)(B)); *Estate of Robert Lacey v. Jeffrey L. Knopf (In re Knopf)*, Bankr. No. 01-40574, Adv. No. 01-4030, slip op. (Bankr. D.S.D. May 10, 2002)(discussion of fraud by a fiduciary under § 523(a)(4));[3] and *Johnson v. Logue (In re Logue)*, 294 B.R. 59, 62-63 (B.A.P. 8th Cir. 2003)(to recover under § 523(a)(6), creditor must establish deliberate acts by the debtor targeted to cause the creditor financial harm; the injury, not just the act, must be deliberate or intentional). An abundance of additional case law from this

---

preclusive effect and whether the fact that a separate hearing was held to determine damages elevated the damage award above a generic default judgment under Arizona law, even though Debtor also did not appear at the damages hearing. Those issues can be later briefed by the parties if, after trial, Chittenden and Dyball's claim against Debtor is found to be nondischargeable. *Smith*, ___ B.R. ___, 2007 WL 987278 (Bankr. D. Ariz. March 30, 2007)(what constitutes "actual litigation" of an issue varies among courts and is fact dependent).

[3] Chittenden and Dyball have not made any allegations commensurate with larceny or fraud under § 523(a)(4). *See Johnson*, slip op. at 12-13 (elements of larceny), and *First Dakota National Bank, N.A. v. James J. Scoblic (In re Scoblic)*, Bankr. No. 04-40923, Adv. No. 04-4071, slip op. at 7-8 (Bankr. D.S.D. May 18, 2005)(elements of embezzlement).

Mitchell v. Chittenden, et al.
April 30, 2007
Page 7


Circuit is available.

    An appropriate order will be entered and a final pre-trial conference will be set.

                                          Sincerely,

                                          Irvin N. Hoyt
                                          Bankruptcy Judge

sh

CC:  case file (docket original; serve parties in interest)


On the above date, a copy of this document was mailed or faxed to the parties shown on the Notice of Electronic Filing as not having received electronic notice.

Frederick M. Entwistle
Clerk, U.S. Bankruptcy Court
District of South Dakota

NOTICE OF ENTRY
Under Fed.R.Bankr.P. 9022(a)

This order/judgment was entered on the date shown above.

Frederick M. Entwistle
Clerk, U.S. Bankruptcy Court
District of South Dakota